**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4485**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBIN SNIPES PERRY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00032-WO-1)

Submitted:  April 30, 2012                Decided:  May 3, 2012

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Scott Holmes, BROCK, PAYNE & MEECE, PA, Durham, North Carolina, for Appellant.  Ripley Rand, Acting United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robin Snipes Perry appeals her jury conviction on four counts of mail fraud, in violation of 18 U.S.C.A. § 1341 (West 2000 & Supp. 2011), based on her alleged scheme to defraud her employer, Becton, Dickinson & Company ("BDC"). On appeal, Perry argues that the district court erred in denying her Federal Rule of Criminal Procedure 29 motion for acquittal, abused its discretion in denying her pretrial motion in limine, and abused its discretion in admitting a prior consistent statement. Finding no error, we affirm.

Perry finds fault with the district court's denial of her motion in limine and admission of a prior consistent statement. Perry's motion in limine sought to exclude evidence under Federal Rule of Evidence 404(b). Rule 404(b), however, applies only to evidence of extrinsic acts, not evidence of those acts that are intrinsic to the charged offenses. United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009). Upon review, we conclude that the district court did not abuse its discretion in finding that the evidence of Perry's uncharged conduct was intrinsic to the charged offenses or in denying the motion in limine. See United States v. Hornsby, 666 F.3d 296, 309 (4th Cir. 2012) (providing standard of review).

Turning to the remaining evidentiary issue, we conclude that the district court did not abuse its discretion in

2

admitting a witness' prior consistent statement to rebut the implication on cross-examination that he fabricated his trial testimony. See Fed. R. Evid. 801(d)(1)(B); United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (providing standard of review).

Finally, Perry challenges the denial of her motion for acquittal. We review de novo the district court's denial of a Rule 29 motion. United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). A jury verdict must be upheld "if there is substantial evidence, viewed in the light most favorable to the Government, to support it." Id. "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). We consider both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). However, "[w]e may not weigh the evidence or review the credibility of the witnesses [because] [t]hose functions are reserved for the jury." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (internal citation omitted). Viewed in the light most favorable to the government, we conclude that the government presented sufficient evidence from which the jury could conclude that Perry committed mail fraud.

3

See *United States v. Godwin*, 272 F.3d 659, 666 (4th Cir. 2001) (providing elements of mail fraud); *see also* *Neder v. United States*, 527 U.S. 1, 25 (1999) (stating that scheme to defraud must involve material misrepresentation).  Thus, the district court did not err in denying the Rule 29 motion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED